IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-0789-WJM-MEH

FRANCISCO SERNA,

    Plaintiff,

v.

DENVER POLICE DEPARTMENT, and
ANSELMO JARAMILLO,

    Defendants.

## ORDER DENYING PLAINTIFF'S CONSTRUED MOTION FOR PRELIMINARY INJUNCTION, DENYING AS MOOT PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY, AND STRIKING PLAINTIFF'S RULE 15(A) PLEADING AMENDMENT

This matter is before the Court on that portion of Plaintiff's Complaint and Request for Injunction that the Court has construed as a motion for preliminary injunction ("PI Motion"). (ECF Nos. 1, 7.) Defendants Denver Police Department ("DPD") and DPD Officer Anselmo Jaramillo (jointly, "Defendants") filed their response to the PI Motion on March 24, 2021 (ECF No. 10), and Plaintiff filed his reply on March 27, 2021 (ECF No. 12). Having reviewed the parties' filings, the Court finds that an evidentiary hearing is not necessary to resolve the PI Motion.

Also before the Court are Plaintiff's Motion for Expedited Discovery (ECF No. 13) and Rule 15(a) Pleading Amendment (ECF No. 14).

For the reasons stated below, the Court denies the PI Motion, denies as moot the Motion for Expedited Discovery, and strikes the Rule 15(a) Pleading Amendment.

## I. BACKGROUND[1]

Plaintiff is a licensed hemp producer from Texas. (ECF No. 12-1 ¶ 1.) On March 16, 2021, Plaintiff was stopped at the Transportation Security Administration ("TSA") security checkpoint while traveling through Denver International Airport. (ECF No. 1 at 4.) Plaintiff was traveling with 32 "plant clones or rooted clippings" and certificates of compliance showing that the plants had a concentration of delta-9 tetrahydrocannabinol ("THC") of less than 0.3%, such that the plants are categorized as hemp under Subtitle G of the Agricultural Improvement Act of 2018, Pub. L. No. 115-334, 132 Stat. 4490 (2018) (the "2018 Farm Bill"). (*Id.* at 5.) Although Plaintiff informed Officer Jaramillo that his "paperwork demonstrated the plants were under 0.3% THC and therefore protected by the 2018 Farm Bill," Officer Jaramillo confiscated Plaintiff's hemp plants. (*Id.*; ECF No. 12-1 ¶¶ 6–7.)

Plaintiff filed this action on March 17, 2021, alleging that Defendants have violated Section 10114 of the 2018 Farm Bill. (ECF No. 1 at 3.) According to Plaintiff,

> [a]s a licensed Texas hemp producer I am currently making preparations for the grow season that if not done in a timely manner will prevent a harvest this season. The clones confiscated by the Denver Police must be kept under permanent light and returned to me immediately so that I can grow these mother plants to produce the starts necessary for this season's harvest. The irreparable injury I will suffer without injunctive protection is the loss of this season's hemp harvest.

(*Id.* at 5.) He further states that "[t]he Denver Police must immediately enact interstate commerce policies consistent with the [2018 Farm Bill] which forbids states from prohibiting compliantly produced hemp plants from interstate commerce." (*Id.*)

---

[1] Although the parties have slight differences in their factual accounts, such disputes do not affect the outcome of the PI Motion. Accordingly, the Court accepts Plaintiff's allegations as true for purposes of this Order.

## II. PI MOTION[2]

### A.   General Preliminary Injunction Standard

A preliminary injunction is an extraordinary remedy; accordingly, the right to relief must be clear and unequivocal. *See Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010). A movant must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and (4) that the injunction would not adversely affect the public interest. *See, e.g.*, *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012). Among the preliminary injunction elements, "a showing of probable irreparable harm is the single most important prerequisite." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (internal quotation marks omitted).

Moreover, the Tenth Circuit endorses a heightened standard for "[d]isfavored preliminary injunctions," which do not

> merely preserve the parties' relative positions pending trial. Instead, a disfavored injunction may exhibit any of three characteristics: (1) it mandates action (rather than prohibiting it), (2) it changes the status quo, or (3) it grants all the relief that the moving party could expect from a trial win. To get a disfavored injunction, the moving party faces a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors: []he must make a strong showing that these tilt in [his] favor.

*Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019) (citations and internal quotation marks omitted).

Because Plaintiff's PI Motion seeks an injunction that mandates action and grants

---

[2] Because Plaintiff proceeds *pro se*, the Court will construe his pleadings liberally and hold them to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, the Court cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

all the relief that Plaintiff could expect from a trial win, he is seeking a disfavored injunction. Therefore, Plaintiff must meet the Tenth Circuit's heightened standard to obtain the relief he seeks. *See id.*

**B.    Irreparable Harm**

"A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001); *see also Salt Lake Tribune Publ'g Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1105 (10th Cir. 2003) ("Irreparable harm, as the name suggests, is harm that cannot be undone, such as by an award of compensatory damages or otherwise."). Irreparable harm "must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).

Defendants argue that Plaintiff "cannot show irreparable harm here, where his claimed loss is exclusively the loss of personal property and economic profits from a hemp crop" since "these losses can be remedied by money damages." (ECF No. 10 at 7.) Defendants further contend that Plaintiff has not shown that he will suffer irreparable harm unless the Court enters an injunction requiring DPD to adopt new policies regarding interstate transportation of hemp, as Plaintiff "does not allege any plans to travel through Denver International Airport to transport hemp in the immediate future." (*Id.* at 8.)

In his reply, Plaintiff does not respond directly to Defendants' argument that he has failed to establish irreparable harm. (*See generally* ECF No. 12.) Instead, he contends that he "believes that expedited discovery to address the compliance failure

4

that resulted in the confiscation of Plaintiff's hemp plants will most directly address the potential role for a preliminary injunction." (*Id.* at 5–6; ECF No. 13.) Significantly, however, Plaintiff does not explain how expedited discovery will help him establish that he will suffer irreparable harm unless an injunction is entered.

After careful consideration of the parties' arguments, the Court concludes that Plaintiff has failed to meet his burden to establish irreparable harm. While Plaintiff argues that he may suffer the "loss of this season's hemp harvest" if Defendants do not return his hemp plants, he does not allege that his hemp plants are irreplaceable or that their value is difficult to determine. *If* Plaintiff loses his seasonal hemp harvest and succeeds in his lawsuit against Defendants, Defendants should compensate Plaintiff for the value of his lost harvest. However, because Plaintiff's potential losses can be compensated by monetary damages, they do not qualify as irreparable harm warranting an injunction. *See Fish v. Kobach*, 840 F.3d 710, 751 (10th Cir. 2016) (recognizing that party seeking injunction "must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages"); *Salt Lake Tribune Publ'g Co.*, 320 F.3d at 1105 ("Irreparable harm, as the name suggests, is harm that cannot be undone, such as by an award of compensatory damages or otherwise.").

Likewise, Plaintiff has failed to demonstrate that he will suffer certain, actual, and imminent harm unless the Court enters an injunction requiring DPD to adopt new policies for transporting hemp through interstate commerce. (ECF No. 1 at 5.) Significantly, Plaintiff does not allege that he plans to travel through Denver International Airport at any point in the future, let alone imminently. Because the Court has no reason to believe that

5

additional "harm is likely to occur before [the Court] rules on the merits," there is no need for the Court to issue interlocutory relief. *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (recognizing that "[p]urely speculative harm will not suffice").

Thus, Plaintiff fails to demonstrate a sufficient likelihood of irreparable harm, and the Court need not examine the remaining elements of the preliminary injunction test. Because the Court finds that Plaintiff has not established that he is entitled to a preliminary injunction, Plaintiff's related Motion for Expedited Discovery is moot.

### III. RULE 15(a) PLEADING AMENDMENT

On March 31, 2021, Plaintiff filed a Rule 15(a) Pleading Amendment, which states that "Plaintiff hereby amends his pleading to expand the relief sought to include the following: return of his plants; monetary damages; other equitable and legal remedies the [C]ourt finds proper." (ECF No. 14.)

To the extent that Plaintiff wishes to file an amended complaint, he must file a new complaint incorporating his proposed amendments. He may not merely list his proposed amendments in a separate document such that the parties and the undersigned must review multiple documents to ascertain what Plaintiff is pleading. Moreover, the Court notes that the Rule 15(a) Pleading Amendment does not comply with the Local Rules of Practice for the United States District Court for the District of Colorado (the "Local Rules"), namely the requirements for filing amended pleadings as a matter of course:

> (a) Amendment as a Matter of Course or by Consent. A party other than an unrepresented prisoner who files an amended pleading under Fed. R. Civ. P. 15(a)(1) or with the consent of the opposing party shall file a separate notice of filing the amended pleading and shall attach as an exhibit a copy of the amended pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., <u>underlines</u>) the text to be added.

6

D.C.COLO.LCivR 15.1.

As a consequence, Plaintiff's Rule 15(a) Pleading Amendment is stricken without prejudice to refiling an amended complaint that conforms to the Federal Rules of Civil Procedure, the Local Rules, and the undersigned's Revised Practice Standards.

## IV. D CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. That portion of Plaintiff's Complaint and Request for Injunction that the Court has construed as a motion for preliminary injunction (ECF No. 1) is DENIED;

2. Plaintiff's Motion for Expedited Discovery (ECF No. 13) is DENIED as MOOT; and

3. Plaintiff's Rule 15(a) Pleading Amendment (ECF No. 14) is STRICKEN.

Dated this 1st day of April, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge