IN THE UNITED STATES DISTRICT COURT

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
5/24/2021
JEFFREY P. COLWELL, CLERK

Civil Action No. 21-cv-0789-WJM-MEH

FRANCISCO SERNA,

      Plaintiff,

v.

DENVER POLICE DEPARTMENT; and
ANSELMO JARAMILLO,

      Defendants.

---

### PLAINTIFF'S MOTION TO ADMONISH DEFENDANTS' COUNSEL FOR *EX PARTE* COMMUNICATIONS

---

Plaintiff Francisco Serna, *pro se*, seeks an order under FRCP Rule 11 admonishing Officer Farley not to engage in further *ex parte* communication with Magistrate Judge Hegarty in violation of both Practice Standard 5 and a previous Notice Magistrate Judge Hegarty's Chambers provided to Plaintiff and Defense Counsel on May 5, 2021.

### Ex Parte Communication is Forbidden, Yet Occurred May 19, 2021

Officer Farley engaged Magistrate Judge Hegarty in an *ex parte* communication via phone previous to the issuance of Magistrate Judge Hegarty's "String Cheese" Order. This communication occurred after Magistrate's Chambers gave the following notice to Plaintiff and Defense Counsel on May 5, 2021:

> As a reminder, any request for relief from the Court must be made in a formal motion after conferral with opposing parties as required by D.C.Colo.LCivR 7.1(a). This is especially important since this is Judge Martinez's case, and he will be the one to rule upon any filed motion (unless referred to Magistrate Judge Hegarty).

This is the same guidance provided in practice standards by:

> 5. Ex parte communications: Unless specifically authorized, neither counsel nor pro se litigants may communicate about a case by letter or telephone call to the Court.

> All communications must be made in the form of a motion, brief, notice, or status report, and must be served on all opposing counsel and pro se parties.

From the language of the *ex parte* rule it is clear that Officer Farley's phone call to the court was forbidden. If phone calls were only discouraged, the rule would state "should not call" not "may not call".  Plaintiff brought this violation to the attention of Officer Farley, who suggested that he was surprised the Chambers responded the way they had.  "I do not know why the Court responded to your May 5 request in the way that it did. I suggest that you bring it up at the Scheduling Conference if you have questions or concerns" (May 19 email 4:58 pm).

Because the scheduling conference has been vacated, Plaintiff addresses his concerns in this Rule 11 Motion requesting the court admonish Officer Farley.

### **Prejudice to Plaintiff**

Plaintiff has been prejudiced by this bias forming communication that Officer Farley made with this court's Magistrate for the purpose of "guidance".  The guidance Mr. Farley sought was whether to submit an empty scheduling order as he stated Mr. Serna had not provided his feedback.  In this context, Magistrate Judge Hegarty issued an order to vacate the scheduling conference and stay discovery.

The domino effect began with Officer Farley giving no notice to Plaintiff of his intentions to renegotiate scheduling with the Magistrate and the Magistrate's order being issued before Plaintiff had received official mailed notice of Mr. Farley's "String Cheese" Motion being filed.  In Mr. Farley's Motion to vacate the scheduling order, he "certifies" that he has fully conferred before filing the motion:  "Undersigned counsel for Defendants **certifies** that he has conferred with pro se Plaintiff several times . . "  (Defendants Motion to Stay Discovery, 1)  Yet, never during conferral did Defendants' Counsel state their intentions

2

to independently renegotiate scheduling on grounds that were supplied to Magistrate Judge Hegarty--should Defendants' Counsel submit an empty scheduling order?

Plaintiff continues to confer with Defendant's Counsel regarding an alleged material misrepresentation in their Motion to Stay Discovery and Vacate the Scheduling Conference. Plaintiff has asked for a correction. Defense Counsel has asserted no correction is necessary. Plaintiff treats his request to admonish Officer Farley for *ex parte* communication separately from his concerns over misrepresentations, not here addressed.

### Prejudice From Trial Court Following *Ex Parte* Communication

The prejudice to Plaintiff from a temporary stay in discovery is considerably smaller than the prejudice Plaintiff feels from the procedure the court endorses under Officer Farley's leadership:  1) Allowing ex parte communication 2) on a subject of material substance 3) that had not been conferred upon 4) that characterized Plaintiff in a negative light 5) the court then balancing Plaintiff's interests without hearing from Plaintiff  6) providing him no notice prior to providing an immediate order in favor of Defendants 7) based on frivolous argument 8) that a discovery stay can be equated with a protective order 9) that was advanced on new authority researched by the magistrate.  This multiplicity of abuses indicates clear partisanship.

Magistrate Judge Hegarty balances Plaintiff's interests with no feedback from Plaintiff demonstrating the prejudicial bias Plaintiff alleges has resulted from the *ex parte* communication.  Plaintiff continues his analysis of the bias inherent in the order's misuse of discretion.

### Magistrate Judge Hegarty's Order is Extra Jurisdictional which Reflects Bias Peddling of Officer Farley

Magistrate Judge Hegarty rests his "sound discretion" to stay all discovery on authority from a protective order provision in the Fed. R. Civ. Proc.  It is clear from his order,

3

the language of the Rule 26, and the case that Magistrate Judge Hegarty uses to support his order, that his order exceeds Article III jurisdiction of the trial court:  "The decision to grant a **protective order** is vested in the district court's discretion."  *Wang v. Hsu*, 919 F. 2d 130 - Court of Appeals, 10th Circuit 1990.

Defendants' Counsel have not moved for a protective order, they have moved for a stay of discovery.   Yet, Magistrate Judge Hegarty's discretion is not restrained by this detail or a common sense limiting of his order to the eight explicit options provided by Rule 26(c)--clear limitations on the scope of the trial court's jurisdiction.  *Expressio unius exclusio alterius*.

Judicial impartiality is further undermined by the magistrate's introduction of new authority to justify his order.  *Wang v. Hsu*, the foundation of the order's authority, is not cited by Defense counsel's Motion to Stay Discovery.  Fair play is violated by the court when the Magistrate assists Defense Counsel's motion supporting it with new authority.  Unfortunately for the Magistrate, Defense Counsel presented only district court dicta, which the magistrate was understandably reluctant to use as support for a stay "generally disfavored in this district".

Magistrate Judge Hegarty's efforts to assist Defendants violate the impartiality required of a trial court.  Plaintiff is ready for the adversary that he chose but not for an adversary that also has duties to officiate.  Plaintiff respects the court's right to ascertain the law when proper authority is not provided by the moving party, but:

    1) Basing an order on new authority should involve a process of notice to the Plaintiff so that he might refute the authority.

    2) Magistrate Judge Hegarty did not ascertain the law but only clarified with new authority that his order exceeded jurisdiction.

Magistrate Judge Hegarty utilizes broad discretion to protect Defense Counsel's clients from "annoyance, embarrassment, oppression, or undue burden or expense [including one or more of the following]" (Plaintiff brackets the limiting language of Rule 26(c) to indicate that it was left out of Magistrate Judge Hegarty's reasoning).  Yet what undue burden have Defense Counsel's clients been protected from?

The burdensome discovery request that Defendants now evade by having solicited an order from this court's Magistrate, amounts only to a request for the Training bulletin that Defense Counsel states was issued in their Rule 65 brief following the wrongful confiscation of Plaintiff's hemp plants:

> Further, based on the allegations in Mr. Serna's Motion, and to avoid any further confusion about the Denver Police Department's policy related to hemp/marijuana clones or seedlings, training bulletin will be issued to remind detectives of the guidelines established by the policy.

(Response to Plaintiff's Construed Motion for Preliminary Injunction, at 12).

Plaintiff, after having attempted unsuccessfully to obtain the bulletin via an open information request, had made the request of Defense counsel.  In part, Plaintiff wanted to hold the bulletin as protection for his hemp flowers while traveling through the same checkpoint that resulted in previous confiscation of his plants.

To whatever degree Magistrate Judge Hegarty manages to protect Defendants from "annoyance, embarrassment, oppression, or undue burden or expense, [including one or more of the following:]", the jurisdictional use of his discretion is limited by the limiting language he omits from his reasoning--the eight options under Rule 26(c).

The trial court's Article III jurisdiction is exceeded when issuing orders not grounded in the clear boundaries of the Federal Rules of Civil Procedure.  Certainly the Supreme Court can make rules of procedure and evidence following public notice and discussion but "(b) Such rules shall not abridge, enlarge or modify any substantive right."

5

USC 28 Section 2072.  My right to discovery and to litigation under the Federal Rules of Civil Procedure is the substantive right referred to by this provision--a "substantive right" that cannot be abridged by Magistrate Judge Hegarty's "sound discretion" or even rules propagated by the Supreme Court with notice because congress has limited rule making authority.  Magistrate Judge Hegarty does not have discretion to introduce personal rules into the officiation of this litigation.

Application of extra jurisdictional discretion reflects the bias peddling Plaintiff alleges that coincided with Officer Farley's *ex parte* phone call that violated the Practice Standards and previous notices from Judge Hegarty's chambers.

Plaintiff requests an order from Judge Martinez that will admonish Officer Farley for *ex parte* misconduct.

Dated this 24 day of May, 2021.

Respectfully submitted,

s/ Francisco Serna
Francisco Serna
austinfarmer11@gmail.com
737-247-1474
10107 FM 969
Austin, TX 78724

Plaintiff, Francisco Serna, declares all factual statements in this Motion are based in personal knowledge and are true.

s/ Franciso Serna

6

**Certificate of Service**

I certify that on this 24 day of May 2021, I sent via email to Defense counsel at Conor.Farley@denvergov.org, Jennifer.Johnson2@denvergov.org, BONNIE.MARSH@denvergov.org (paralegal) and the court's electronic system via the pro se email he was provided by the clerk a copy of this *PLAINTIFF'S MOTION TO ADMONISH DEFENDANTS' COUNSEL FOR EX PARTE COMMUNICATIONS*

s/ Francisco Serna
*Pro se* Plaintiff