**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-0789-WJM-MEH

FRANCISCO SERNA,

      Plaintiff,

v.

DENVER POLICE DEPARTMENT, and
ANSELMO JARAMILLO,

      Defendants.

---

**ORDER ADOPTING JUNE 9, 2021 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

      This matter is before the Court on the June 9, 2021 Report and Recommendation of United States Magistrate Judge Michael E. Hegarty (the "Recommendation") (ECF No. 38) that the Court grant the City and County of Denver's and Anselmo Jaramillo's (jointly, "Defendants") Motion to Dismiss ("Motion") (ECF Nos. 20), and dismiss Plaintiff Francisco Serna's Complaint (ECF No. 1) with prejudice.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the following reasons, the Recommendation is adopted in its entirety.

### I. BACKGROUND AND PROCEDURAL HISTORY

      Serna is a licensed hemp producer from Texas.  (ECF No. 1 at 5.)  On March 16, 2021, Serna was stopped at the Transportation Security Administration ("TSA") security checkpoint while traveling through Denver International Airport.  (*Id.* at 4.)  Serna was traveling with 32 "plant clones or rooted clippings" and certificates of compliance

showing that the plants had a concentration of delta-9 tetrahydrocannabinol ("THC") of less than 0.3%, such that the plants are categorized as hemp under Subtitle G of the Agricultural Improvement Act of 2018, Pub. L. No. 115-334, 132 Stat. 4490 (2018) (the "2018 Farm Bill").  (*Id.* at 5.)  Although Serna informed Officer Jaramillo that his "paperwork demonstrated the plants were under 0.3% THC and therefore protected by the 2018 Farm Bill," Officer Jaramillo confiscated Serna's hemp plants.  (*Id.*)

Serna filed this action on March 17, 2021, alleging that Defendants have violated Pub. L. 115-334, Title X, § 10114 ("§ 10114").  (ECF No. 1 at 3.)  According to Serna,

> [a]s a licensed Texas hemp producer I am currently making preparations for the grow season that if not done in a timely manner will prevent a harvest this season.  The clones confiscated by the Denver Police must be kept under permanent light and returned to me immediately so that I can grow these mother plants to produce the starts necessary for this season's harvest.

(*Id.* at 5.)  He further states that "[t]he Denver Police must immediately enact interstate commerce policies consistent with the [2018 Farm Bill] which forbids states from prohibiting compliantly produced hemp plants from interstate commerce."  (*Id.*)

On April 23, 2021, Defendants filed a Motion to Dismiss.  (ECF Nos. 20).  Serna responded on May 24, 2021, and Judge Hegarty issued his Recommendation on June 9, 2021.  (ECF Nos. 33 & 38.)  Judge Hegarty found that Serna failed to state a claim for relief and therefore recommended granting the Defendants' Motion and dismissing the Complaint with prejudice.  (ECF No. 38 at 10.)

Serna filed his Objection on June 28, 2021.  (ECF No. 41.)  Defendants responded to the Objection on July 12, 2021.  (ECF No. 42.)  For reasons set for below, Serna's Objection is overruled, and the Recommendation is adopted in its entirety.

## II. LEGAL STANDARD

**A.     Rule 72(b) Review of a Magistrate Judge's Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 73(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.     Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."

3

*Ridge at Red Hawk*, 493 F.3d at 1177.  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'"  *Id.* (quoting *Twombly,* 550 U.S. at 556).

Because Serna is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  The Court cannot, however, "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

### III. ANALYSIS

Judge Hegarty recommends granting Defendants' Motion because Serna fails to state a claim under the 2018 Farm Bill.  (ECF No. 38 at 11.)  In his Objection, Serna argues that Judge Hegarty's Recommendation erred in two ways.  First, Serna argues Defendant's Motion to Dismiss should have been denied because service was untimely. (ECF No. 41 at 2–3.)  Second, Serna argues that he has stated a claim under the 2018 Farm Bill.  The Court considers both objections in turn.  (*Id.* at 4–15.)

**A.      Timeliness**

Judge Hegarty set an April 23, 2021 deadline for Defendants to respond to Serna's Complaint.  (ECF No. 19.)  Defendants filed their Motion on April 23, 2021, and served Serna by email three days later.  Serna argues that the Motion should be denied as untimely because it was served on Defendants three days after the deadline for service.  (ECF No. 41 at 2–3.)

Judge Hegarty found that Defendants' untimely service of the Motion had not prejudiced Serna and, therefore, did not require denial of the Motion.  In his Objection, Serna argues that it is not his burden to demonstrate prejudice and that late service can only be cured on motion by the Defendants.  (ECF No. 41 at 3 (citing Fed. R. Civ. Pro. 6(b)(1)(B)).)  Serna fails to cite a single case supporting his argument.  Moreover, Serna did not request an extension of time to respond; to the contrary, he admits that "he responded immediately on the merits."  (ECF No. 41 at 3.)

The Court finds that Serna was not prejudiced by the brief delay of service.  In these circumstances, the interests of justice are best served by considering the Motion on the merits.  *Gustafson v. Bridger Coal Co.*, 834 F. Supp. 352, 358 (D. Wyo. 1993) (refusing to grant defendant's motion to dismiss on the grounds that the response was untimely "because the defendants were not prejudiced by the plaintiff's untimely filing").

Judge Hegarty also reasoned that if the Court were to hold Defendants accountable for their error, then the Court would also need to hold Serna accountable for his untimely filing of his response to the Motion, which was filed five days past the deadline.  (ECF No. 38 at 6.)  Judge Hegarty concluded that "[t]he simpler and just course of action is for the Court to accept both parties' filings and consider the merits of

the arguments presented." (*Id.*)  Serna admits that he filed his response five days late, but he points out that he served his response on Defendants before the deadline for filing his response.  The Court agrees with Judge Hegarty that both parties made clerical errors and finds that the interests of justice are best served by considering the Motion on the merits.  Serna's objection to this portion of the Recommendation is overruled.

**B.    Private Right of Action**

Serna brings this lawsuit pursuant to § 10114 of the 2018 Farm Bill.  (ECF No. 1 at 3.)  Judge Hegarty found that the 2018 Farm Bill does not provide a private right of action.  (ECF No. 38 at 10.)  Therefore, he concluded that Serna has failed to state a claim, and his Complaint should be dismissed.  (*Id.*)  Serna argues that the 2018 Farm Bill does provide a private right of action and that he has stated a claim.  (ECF No. 41 at 4–15.)

      1.    <u>Legal Standard</u>

The Supreme Court's most recent treatment of the private right of action issue can be found in *Alexander v. Sandoval*, 532 U.S. 275, 289 (2001).  It is the most restrictive approach announced by the Court to date.  In accordance with *Sandoval*, the judicial task is to "interpret the statute to determine whether it displays an intent to create not just a private right, but also a private remedy."  *Id.*  Such an intent must be drawn from the "text and structure" of the statute to determine whether "rights-creating language" exists.  *Id.* at 288.  And to determine whether such language exists, courts are to look to whether the statute: (1) grants "private rights to any identifiable class," and (2) "proscribes conduct as unlawful."  *Touche Ross & Co. v. Redington*, 442 U.S. 560,

568 (1979).  If the statute does not contain "rights-creating language," *Sandoval* makes clear that the interpretive process ends there.  *Sandoval*, 532 U.S. at 288.

Additionally, and to clarify the language of the statute—so to discern Congressional intent—*Sandoval* permits a district court to look to the "contemporary legal context" in which the statute was enacted.  *Id.*  But this legal context may only be used to buttress a "conclusion independently supported by the text of the statute."  *Id.*  Courts may not rely upon legal context as the first tool in the interpretive toolbox.  It is secondary indicia of Congressional intent.

2. Whether Section 10114 and Subtitle G of the 2018 Farm Bill Create a Private Right of Action

Judge Hegarty examined the provisions of the 2018 Farm Bill cited by Serna in his Complaint to determine whether they create a private right of action.  (ECF No. 38 at 6–10.)

First, Judge Hegarty examined Subtitle G as a whole and found that it provides "a framework by which the United States Department of Agriculture must create and administer a program regarding the production of hemp."  (*Id.* at 6.)  He cited numerous provisions which support his conclusion that Subtitle G "describes the powers and methods reserved to the Secretary [of Agriculture] for enforcement and regulation of state, Indian, or Department of Agriculture plans for production of hemp."  (*Id.* at 6–8.)  He reasoned that Congress's explicit delegation of enforcement authority to the Secretary of Agriculture "is evidence that no private right of action was intended."  (*Id.* at 8 (citing *Freier v. Colorado*, 804 F. App'x 890, 891–92 (10th Cir. 2020) ("Those courts have reasoned that Congress, by delegating enforcement authority to the Secretary of

7

Health and Human Services, did not intend for HIPAA to include or create a private remedy.")).)

Next, Judge Hegarty examined § 10114, which states:

> (a) RULE OF CONSTRUCTION.—Nothing in this title or an amendment made by this title prohibits the interstate commerce of hemp (as defined in section 297A of the Agricultural Marketing Act of 1946 (as added by section 10113)) or hemp products.
>
> (b) TRANSPORTATION OF HEMP AND HEMP PRODUCTS.—No State or Indian Tribe shall prohibit the transportation or shipment of hemp or hemp products produced in accordance with subtitle G of the Agricultural Marketing Act of 1946 (as added by section 10113) through the State or the territory of the Indian Tribe, as applicable.

Pub. L. 115-334, Title X, § 10114 (Dec. 20, 2018) (appended as a note to 7 U.S.C. § 1639o). Judge Hegarty explained that § 10114 is codified as a note to 7 U.S.C. § 1639o, which is within Subtitle G. (ECF No. 38 at 11.) He interpreted § 10114 in the context of Subtitle G and found no evidence that Congress intended to create a private right of action. (*Id.*) He noted that the statute focuses on regulatory agencies and that the statute's "lack of focus on any individuals is more evidence that there is no congressional intent to create a private right of action." (*Id.* at 8 (citing *Sandoval*, 532 U.S. at 289 (finding that section of a statute that focused not "on the individuals protected[,] . . . but on the agencies that will do the regulating" did not create a private right of action)).)

Serna argues in his Objection that § 10114 should not be read within the context of Subtitle G but rather as a "free standing provision." (ECF No. 41 at 7.) He offers no case law to support his position.[1] In fact, courts typically do look at the "statutory

---

[1] In his Objection, Serna cites a United States Department of Agriculture legal memorandum to support his position. However, Serna waived this argument because he failed to raise this

8

scheme of which [the statute] is a part" to determine whether a statute creates a private right of action. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 571; *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1267 (10th Cir. 2004) ("We also consider the relation between the specific provision at issue and the related statutory scheme.").

Serna further argues that "[t]he rights inquiry should begin and end by identifying Subtitle G Hemp Licensees as the protected class and beneficiary of the 'hemp and hemp products' protections explicit in Section 10114 of the 2018 Farm Bill." (ECF No. 41 at 8.) Again, Serna does not cite case law to support his position. To the contrary, in accordance with *Sandoval*, the judicial task is to "interpret the statute to determine whether it displays an intent to create not just a private right, *but also a private remedy*." *Sandoval*, 532 U.S. at 289 (emphasis added); *see also id.* at 286–87 ("Without [Congressional intent to create a private remedy], a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter or how compatible with the statute."). The Court agrees that § 10114 identifies hemp producers licensed under Subtitle G as a protected class. But the Court does not find any language in the statute that displays an intent to create a private remedy. Therefore, under *Sandoval*, the Court concludes that § 10114 does not provide a private right of action.

Finally, Serna attacks the precedential value of *Sandoval* and argues that *Sandoval* should not govern this analysis. (ECF No. 41 at 10.). He argues that Justice Sandra Day O'Connor should not have joined the majority opinion in *Sandoval* because

---

argument in his response to Defendants' Motion to Dismiss. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.") (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996)).

part of the majority's reasoning was inconsistent with her earlier dissent in *Guardians Association v. Civil Service Commission of the City of New York*, 463 U.S. 582 (1983). (*Id.* at 12.)  As a result, Serna contends, "[f]or reasons of professional integrity her vote is nullified and *Sandoval*'s 5-4 ruling should have no precedential value." (*Id.* at 13.) However, Serna offers no case law to support his argument that a district court has the power to nullify the vote of a Supreme Court Justice.  The Court rejects Serna's invitation to ignore binding Supreme Court precedent.  *Hutto v. Davis*, 454 U.S. 370, 375 (1982) ("[A] precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.").

For the reasons set forth above, the Court finds that § 10114 of the 2018 Farm Bill does not provide a private right of action.  Since Serna's only claim is under the 2018 Farm Bill, allowing amendment would likely prove futile because, as a matter of law, no right of action exists under that statute.  Because amendment would be futile, the Court dismisses Sernas's Complaint with prejudice.  *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) ("dismissal with prejudice is proper for failure to state a claim when it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend") (citations omitted).

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection (ECF No. 41) is OVERRULED;

2. The Report and Recommendation (ECF No. 38) is ADOPTED in its entirety;

3. Defendants' Motion to Dismiss (ECF No. 20) is GRANTED; and

4. The Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE;

5. The Clerk shall enter Judgment in favor of Defendants and against Plaintiff and shall terminate this case;

6. Each party shall bear his or its own costs; and

7. The Clerk is DIRECTED to mail a copy of this Order to Plaintiff and file a certificate of service on the docket.

Dated this 6th day of December, 2021.

BY THE COURT:

William J. Martínez
United States District Judge